IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERTS ENTERPRISES
INVESTMENTS, INC. d/b/a REI Cattle
Company and AZ CATTLE FEEDING, LLC,

*Plaintiffs,*

vs.

Case No. 6:17-cv-1007-EFM

COW CREEK FEEDERS, LLC,

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiffs Roberts Enterprises Investments ("REI") and AZ Cattle Feeding, LLC ("AZ") (collectively, "Plaintiffs") brought claims against Defendant Cow Creek Feeders, LLC ("CCF") under the UCC and Kansas common law for allegedly keeping Plaintiffs' cattle on CCF's feed lots longer than necessary and for selling its cattle above their proper weight. CCF filed a counterclaim against Plaintiffs for breach of contract. This matter comes before the Court on CCF's motion for summary judgment (Doc. 22) and amended motion for summary judgment (Doc. 26). CCF seeks judgment in its favor on Plaintiffs' claims as well as on its counterclaim. Plaintiffs did not file a response to CCF's motions. Because the Court finds that CCF did not meet its initial burden on Plaintiffs' claims or provide facts proving that it performed or was willing to perform in compliance with its contract, CCF's motions are denied.

# I. Factual and Procedural Background[1]

CCF is a Kansas limited liability company engaged in the business of placing customer cattle on feed at its feedlots and financing the acquisition of customer cattle. CCF owns feed yards in several counties in Kansas and Oklahoma. Marvin P. Roberts is the president of both REI and AZ. Beginning on February 22, 2014, Roberts signed a series of promissory notes and security agreements on behalf of AZ and REI for the purpose of financing cattle on feed at CCF's feed yards. Between February 22, 2014, and September 23, 2014, CCF provided 18 loans to AZ for the purpose of financing cattle on feed at CCF's feed yards. Between September 23, 2014, and October 20, 2015, CCF provided 36 loans to REI for the purpose of financing cattle on feed at CCF's feed yards.

Each loan to AZ and REI was secured by a promissory note and security agreement. The promissory notes specify the collateral for the loans, which includes cattle owned by AZ and REI located at CCF's feed yards. The amount listed on each of the promissory notes represents the value of the cattle, minus a down payment and plus the estimated costs for feed and care of the cattle. The promissory notes and security agreements state that "said principal and interest shall be due in a single payment on demand, or the date when the collateral hereinafter described is sold, whichever is earlier." Additionally, the notes and security agreements provide that "all Obligations shall become immediately due and payable, without notice or demand, upon the occurrence of any of the following events of default: (a) Default in the payment or performance of any liability or obligation of any of the undersigned . . . to the holder; or (b) Death, dissolution, termination of

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts in the light most favorable to the non-moving party.

existence, insolvency, business failure, . . . ." All promissory notes have matured, demand has been made by CCF for payment, and the promissory notes remain unpaid by REI and AZ. As of January 31, 2018, the unpaid amount on the promissory notes, including interest, was $1,465,555.81.

Plaintiffs filed suit against CCF in 2017, for breach of contract, negligence, violations of the duty of good faith under the UCC, violations of the duty of good faith and fair dealing under Kansas common law, and violations of the duty of reasonable care of the cattle under the UCC for keeping Plaintiffs cattle on CCF's feed lots longer than necessary to run up costs and for selling its cattle above their proper weight. CCF denied these allegations and brought a counterclaim, alleging that the promissory notes had matured and Plaintiffs had failed to pay them, breaching the contracts. After Plaintiffs did not respond to CCF's discovery requests,[2] CCF moved for summary judgment on Plaintiffs' claims and on its counterclaim. CCF filed an amended motion for summary judgment to correct the requested damages, but did not provide additional facts. Plaintiffs failed to respond to CCF's motions.[3] Therefore, the facts asserted in CCF's motion are uncontroverted and accepted as true.[4]

## II. Legal Standard

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[5]

---

[2] According to the scheduling order, Plaintiffs served their initial disclosure on CCF by May 12, 2017. On July 19, 2017, CCF propounded its First Requests for Production of Documents to REI and AZ. Safe Harbor Notices were sent to REI and AZ's counsel on August 25, 2017, and September 26, 2017.

[3] Plaintiffs are no longer represented by counsel, the effect of which was explained to Marvin P. Roberts as corporate representative in teleconferences with the Court.

[4] D. Kan. R. 56.1(a).

[5] Fed. R. Civ. P. 56(a).

A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[6] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[7]

When seeking judgment on a claim where the nonmovant bears the ultimate burden of proof, the movant bears the initial burden to show a lack of evidence on an essential element of the nonmovant's claim.[8] If the movant carries its initial burden, the nonmovant cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[9] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[10] The movant must cite to materials in the record to support its assertion that a fact cannot be genuinely disputed.[11] If the movant is opposing another party's assertion that there is a genuinely disputed fact, it must show that the materials cited by that party do not establish a genuine dispute, or the adverse party cannot produce admissible evidence to support the fact.[12]

---

[6] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[8] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[9] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[11] Fed. R. Civ. P. 56(c)(1)(A).

[12] Fed. R. Civ. P. 56(c)(1)(B).

### III. Analysis

**A. Defendant's Motion Fails on Plaintiffs' Claims**

CCF has failed to meet its burden to show Plaintiffs' lack of evidence on an essential element of any of Plaintiffs' claims. While the Court accepts CCF's facts as true in its motion, CCF fails to address the relevant facts pertaining to Plaintiffs' claims. Simply classifying Plaintiffs' claims as "factually unfounded" does not entitle CCF to summary judgment. Rather, CCF must produce "affirmative evidence negating an essential element of the nonmoving party's claim, or . . . [show] that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial" to meet its initial burden of production.[13]

Here, Plaintiffs pursue four claims against CCF and CCF has failed to provide facts pertaining to those claims, or to even identify the elements of those claims, much less apply the facts of this case to those elements to show Plaintiffs' lack of evidence. Since CCF failed to identify an element of Plaintiffs' claims that Plaintiffs' lacked evidence on, it has failed to carry its initial burden. Accordingly, since CCF failed to meet its initial burden, Plaintiffs are not obligated to produce any evidence, even though they have the ultimate burden of persuasion at trial.[14] Therefore, even though Plaintiffs have not produced any evidence in support of their claims, CCF is not entitled to summary judgment on Plaintiffs' claims.[15]

---

[13] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

[14] *Id.*

[15] *Id.*

**B. Defendant's Motion Fails on its Counterclaim**

CCF seeks summary judgment on its counterclaim for breach of contract against Plaintiffs. CCF has not identified the law governing the contracts at issue, and the contracts do not contain any choice of law provision. But, CCF admits in its Answer that it owes Plaintiffs an obligation of good faith and fair dealing and reasonable care in performance of the agreements under Kansas law. Accordingly, the Court will apply Kansas law to the breach of contract claim. Under Kansas law, CCF must prove the following to prevail on a breach of contract claim: (1) the existence of a contract between it and Plaintiffs; (2) consideration; (3) its "performance or willingness to perform in compliance with the contract;" (4) Plaintiffs' breach of the contract; and (5) that it suffered damage caused by the breach.[16] While the facts asserted by CCF are uncontroverted, these facts must satisfy all five elements of its breach of contract claim for CCF to be entitled to judgment on its claim.

Even assuming that CCF has satisfied elements one, two, four, and five of its breach of contract claim, summary judgment is not proper because CCF has not supplied facts to satisfy the third element of its claim. Indeed, CCF does little to support its request for summary judgment.[17] It does not cite any legal authority that supports its claim. It does not identify the elements of its breach of contract claim. It does not attempt to apply the facts of this case to the elements of a

---

[16] *Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins. Co.*, 783 F. Supp. 2d 1179, 1182 (D. Kan. 2011).

[17] The following is the entirety of CCF's argument:

> There is no dispute that Cow Creek loaned money to AZ and REI. There is also no dispute that Marvin Roberts executed a series of promissory notes and security agreements on behalf of AZ and REI in exchange for the loans. Under the terms of each note, REI and AZ promised to pay Cow Creek the principal and interest on each note. There is also no dispute, as evidenced by the office manager's affidavit, that REI and AZ defaulted on their obligations to Cow Creek by failing to pay the amounts due under each promissory note upon demand.

breach of contract claim. Finally, and fatal to its motion, CCF does not provide any facts regarding its performance or willingness to perform in compliance with the contract. According to the agreements, for example, CCF has the duty to use reasonable care in the custody of Plaintiffs' cattle. Plaintiffs allege CCF failed to act with reasonable care by keeping their cows on its lots longer than the industry standard to run up their feed costs. CCF has not presented any evidence that it exercised reasonable care in the performance of the contracts, or that it otherwise met its obligations under the contracts. Because CCF has provided no facts as to its performance or willingness to perform, it has not met all elements of its claim and is not entitled to judgment as a matter of law.[18]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion for Summary Judgment (Doc. 26) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] *BHC Dev., L.C. v. Bally Gaming, Inc.*, 985 F. Supp. 2d 1276, 1294 (D. Kan. 2013). *See also Rand Constr. Co. v. Dearborn Mid-West Conveyor Co.*, 944 F. Supp. 2d 1042, 1056 (D. Kan. 2013) (granting motion for summary judgment on breach of contract claim where movant provided evidence of its performance).