# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERTS ENTERPRISES
INVESTMENTS, INC. d/b/a REI CATTLE
COMPANY and AZ CATTLE FEEDING,
LLC,

    *Plaintiffs,*

vs.

COW CREEK FEEDERS, LLC,

    *Defendant.*

Case No. 17-CV-1007-EFM

## MEMORANDUM AND ORDER

This lawsuit arises out of a dispute regarding cattle financed and fed by Defendant Cow Creek Feeders, LLC ("CCF") at its commercial feed yards. Plaintiffs Roberts Enterprises Investments, Inc., d/b/a REI Cattle Company ("REI") and AZ Cattle Feeding, LLC ("AZ"), sued CCF alleging that it did not act in good faith or in a commercially reasonable manner in performing its obligations under the parties' agreements.[1] CCF counterclaimed alleging that REI and AZ failed to pay amounts owed under the parties' promissory notes. On October 16, 2018, this Court presided over a bench trial.

---

[1] Plaintiffs' Complaint alleged breach of contract, negligence, violations of the duty of good faith under the UCC, and violations of the duty of good faith and fair dealing under Kansas common law.

REI and AZ terminated their relationships with their former legal counsel and declined to procure new counsel in this action despite admonitions from this Court that, as entities, they could not proceed pro se and would need to obtain counsel to proceed in this litigation. REI and AZ have not responded to Court deadlines, briefs, or other filings in this case, and they did not appear for the bench trial, despite having received notice thereof. Accordingly, the Court found REI and AZ in default on their claims and received evidence from CCF regarding its counterclaim against REI and AZ. The Court makes the following findings of fact and conclusions of law, and for the reasons discussed below, enters judgment (1) for CCF on REI's and AZ's claims, (2) for CCF on its counterclaim against REI, and (3) for AZ on CCF's counterclaim against AZ.

## I. Findings of Fact

REI and AZ entered into a series of promissory notes in favor of CCF from February 2014 through October 2015, whereunder CCF provided partial financing for REI's and AZ's purchases of cattle as well as financing for feed costs associated with those cattle. CCF followed the same process for preparing and executing the promissory notes as to both REI and AZ. After the cattle came to the feedyard, CCF calculated how much either REI or AZ would owe for the cattle and feed and then prepared promissory notes accordingly. CCF mailed the notes to either REI or AZ for signature, and received the promissory notes signed on behalf of either REI or AZ via mail.

Toward the beginning of CCF's dealings with REI and AZ, the cattle returned a profit. Eventually, however, the cattle began sustaining significant losses and the profits did not offset the losses. Although CCF sent invoices seeking payment on the outstanding balances, neither REI nor AZ paid CCF the outstanding amounts due under the applicable promissory notes. The

following table depicts the profits or losses by cattle lot, and whether those lots were associated with AZ or REI:

| Date Closed | Lot Number | AZ or REI | Profit/Loss |
|---|---|---|---|
| 4/21/2016 | 4089 | AZ | $5,165.75 |
| 4/20/2016 | 5015 | REI | $2,110.60 |
| 4/20/2016 | 4103 | AZ | $2,072.59 |
| 5/11/2016 | 4172 | REI | -$14,093.44 |
| 6/3/2016 | 5061 | REI | -$3,275.58 |
| 6/3/2016 | 5003 | REI | -$9,134.67 |
| 6/9/2016 | 4098 | AZ | $1,092.33 |
| 7/16/2016 | 5032/5023 | REI | -$24,649.71 |
| 7/28/2016 | 4124 | REI | -$8,408.19 |
| 7/9/2016 | 4113 | REI | $20,250.71 |
| 8/1/2016 | 5065 | REI | -$360.37 |
| 8/6/2016 | 5047 | REI | $1,481.13 |
| 9/2/2016 | 5066 | REI | -$11,256.76 |
| 9/2/2016 | 5024 | REI | -$38,585.80 |
| 9/2/2016 | 5050 | REI | -$52,094.88 |
| 9/7/2016 | 5017 | REI | -$118,497.65 |
| 9/7/2016 | 4061 | AZ | $776.09 |
| 9/18/2016 | 5031 | REI | -$8,655.11 |
| 9/18/2016 | 4170 | REI | -$78,092.93 |
| 9/18/2016 | 4129 | REI | -$9,727.25 |
| 9/18/2016 | 5000 | REI | -$104,472.60 |
| 9/26/2016 | 4122 | REI | $1,147.92 |
| 9/26/2016 | 4164 | REI | -$36,950.77 |
| 9/26/2016 | 4174 | REI | -$42,883.73 |
| 10/18/2016 | 5023 | REI | -$139,837.63 |
| 10/18/2016 | 4109 | REI | $9,266.27 |
| 10/18/2016 | 5029 | REI | -$46,289.70 |
| 10/31/2016 | 5043 | REI | -$123,346.26 |
| 12/12/2016 | 5083 | REI | -$30,728.33 |
| 12/28/2016 | 4160 | REI | -$6,034.80 |
| 12/28/2016 | 5018 | REI | -$47,713.39 |
| 12/28/2016 | 5046 | REI | -$81,550.22 |
| 12/28/2016 | 5052 | REI | -$3,318.41 |
| 1/24/2017 | 5085 | REI | -$95,621.63 |
| 2/13/2017 | 5048 | REI | -$16,146.32 |
| 2/13/2017 | 5034 | REI | -$113,715.17 |

| 3/2/2017 | 5094 | REI | -$15,828.38 |
| 5/4/2017 | 5086 | REI | -$36,301.11 |
| 5/25/2017 | 5062 | REI | -$47,444.91 |
| 5/25/2017 | 5075 | REI | -$48,767.01 |

CCF asks for judgment in its favor against REI and AZ in an amount equal to the outstanding principal, $1,370,419.32, as well as interest allegedly due on that amount. CCF did not present any evidence at trial as to how it calculated the requested interest or from where its entitlement to interest at the rate utilized derives.[2] The promissory notes include varying terms regarding interest, but do not appear to dictate any specific interest rate.

## II. Conclusions of Law

CCF has not addressed which state's law governs its breach of contract claim. Federal courts sitting in diversity jurisdiction apply the forum state's choice of law rules. Kansas courts addressing conflict of law issues follow the Restatement (First) of Conflict of Laws (1934) ("Restatement (First)"), whereunder questions of interpretation are governed by the law of the state where the contract was formed and questions relating to the manner and method of performance are governed by the place of performance.[3] Here, the Court is without sufficient facts to determine which state's law applies to CCF's counterclaim, but under Kansas choice of law rules only three states' laws may apply to this dispute—Arizona, Kansas, or Oklahoma.[4] It is unnecessary to

---

[2] CCF submitted an affidavit after the conclusion of the trial that sought to explain why it utilized a 6% interest rate in calculating interest. The affidavit noted that interest was calculated at a blended rate of 6% for the outstanding balances through December 2017, and that this rate is a lower interest rate than identified in the promissory notes, with the exception of two promissory notes. The affidavit goes on to identify the amount of interest sought during 2018, and indicate that it increased the interest rate to 6.75% in March 2018. CCF did not explain how it arrived at an interest rate of 6.75%.

[3] *Layne Christensen Co. v. Zurich Can.*, 30 Kan. App. 2d 128, 38 P.3d 757, 759, 766 (2002); *see also Moses v. Halstead*, 581 F.3d 1248, 1252 (10th Cir. 2009).

[4] Based on the pleadings filed in this case, it appears that the events giving rise to this lawsuit occurred in Arizona, Kansas, and/or Oklahoma. REI and AZ both appear to be Arizona entities, and while CCF is a Kansas entity

-4-

determine which state's law applies because the elements of a breach of contract claim do not vary significantly between the states whose law may apply, and application of each state's law leads to the same result.

Under Arizona law, the elements of a breach of contract claim include "the existence of the contract, its breach and the resulting damages."[5] Kansas requires the party asserting breach of contract to prove: (1) the existence of a contract between the parties, (2) consideration, (3) the non-breaching party's "performance or willingness to perform in compliance with the contract," (4) the other party's breach of the contract, and (5) that the non-breaching party suffered damage caused by the breach.[6] Finally, Oklahoma requires a party alleging breach of contract to show "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach."[7]

Here, CCF introduced evidence through Sandy Schemm that establishes the existence of contracts between CCF and REI. Ms. Schemm testified as to the details surrounding the parties' execution of the promissory notes, and CCF entered into evidence the applicable promissory notes supporting its claim for damages. REI received consideration for entering the promissory notes as it received financing relating to its cattle operations. CCF performed its obligations under the promissory notes and after it performed, REI failed to pay the amounts due to CCF. CCF also established that it suffered damages in the amount of $1,370,419.32 resulting from REI's breach. Because the evidence at trial demonstrates that CCF has established all of the elements of its breach

---

with operations in Kansas, it also operates feed yards and/or offices in Oklahoma. No other state appears to have any connection with this case.

[5] *Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 302 P.3d 617, 621 (2013) (quotation omitted).

[6] *Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins. Co.*, 783 F. Supp. 2d 1179, 1182 (D. Kan. 2011) (citation omitted).

[7] *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018) (citation omitted).

of contract claim against REI—whether under Arizona, Kansas, or Oklahoma law—the Court enters judgment for CFF and against REI for the outstanding principal due from REI, $1,370,419.32.[8]

CCF, however, has failed to demonstrate its entitlement to interest. While CCF testified at trial that it calculated interest on the outstanding principal balance at a rate of 6%, it did not provide any evidence regarding its right to interest at a rate of 6%. The promissory notes executed by REI do not identify a contractual interest rate of 6% and the evidence regarding CCF's calculation of interest does not provide the basis for utilizing a 6% interest rate. After the conclusion of the trial, CCF submitted an affidavit that attempted to explain its basis for calculating interest at a rate of 6%. Even if the Court considered the affidavit, CCF has not satisfied its burden to show a contractual entitlement to the claimed amount of interest.[9] CCF has the burden to establish what amount of interest, if any, it is contractually entitled to recover and it has failed to satisfy that burden.

With regard to AZ, CCF has failed to carry its burden of proof to demonstrate that AZ breached any contract that it had with CCF or that AZ may be held liable for REI's breaches. CCF introduced evidence as to the formation and existence of promissory notes with AZ, but it has not shown that AZ breached those notes by failing to pay any balance due thereunder or that Defendant

---

[8] The Court notes that the outstanding principal associated with REI's cattle is actually higher than $1,370,419.32. CCF, however, only seeks an award of principal in this amount. It appears as though CCF offset losses sustained on REI's cattle with profits earned on AZ's cattle. As discussed below, CCF has not established an evidentiary or legal basis to hold AZ liable for amounts owed by REI. Since CCF only requests $1,370,419.32 in principal, however, the Court limits its award accordingly.

[9] For example, the affidavit specifically notes that the 6% interest rate was higher than the interest rate identified in two of the promissory notes, but does not explain why it may charge interest at 6% on those specific notes or attempt to reduce the calculation of interest to account for this difference. Likewise, the affidavit does not adequately explain why it utilizes a 6.75% interest rate to calculate interest due from March 2018 through the trial.

suffered any damages relating to those notes. Indeed, the evidence shows that the outstanding balance due to Defendant arises from losses sustained on lots associated with REI and relating to the promissory notes signed by REI. Defendant has offered no basis, evidentiary or legal, to hold AZ liable on the promissory notes signed by REI.[10] Accordingly, the Court enters judgment for AZ on Defendant's counterclaim against AZ.

**IT IS ACCORDINGLY ORDERED** this 31st day of October, 2018, that judgment should be entered in favor of Defendant Cow Creek Feeders, LLC, on all Plaintiffs' claims against Defendant.

**IT IS FURTHER ORDERED** that judgment should be entered in favor of Defendant Cow Creek Feeders, LLC, on its counterclaim against Plaintiff Roberts Enterprises Investments, Inc., d/b/a REI Cattle Company, in the amount of $1,370,419.32.

**IT IS FURTHER ORDERED** that judgment should be entered in favor of Plaintiff AZ Cattle Feeding, LLC, as to Defendant's counterclaim against AZ Cattle Feeding, LLC.

**This case is closed**.

**IT IS SO ORDERED**.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] While CCF did not introduce evidence to establish a contractual or other basis authorizing it to hold AZ liable for REI's losses, the Court does not conclude that REI acted improperly. In other words, the Court's determination that CCF cannot hold AZ liable for REI's losses in this case is not also a determination that CCF acted improperly in offsetting REI's losses with AZ's profits. Rather, CCF simply did not met its evidentiary burden to hold AZ liable for the outstanding balance due under REI's promissory notes—indeed, it made no attempt to make this showing.